UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AZAEL DYTHIAN PERALES,<br><br>                  Plaintiff,<br><br>   v.<br><br>UNITED STATES SECRET SERVICE, *et al.*,<br><br>                  Defendants. | Case No. 25-cv-3008 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Azael Dythian Perales, proceeding pro se, filed the instant suit against the United States Secret Service and the National Security Agency.[1] He alleges that these government agencies violated a host of federal criminal statutes in their dealings with him. For the reasons described below, the Court **DISMISSES** his complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

"bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Putting aside the fact that criminal statutes generally do not confer any private right of action, Perales' allegations fall squarely in the "fanciful" category. *Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Among other allegations, he claims that Defendants "continue[] to emit powerful and dangerous radio signals to [his] brain while [he is] semi-conscious or asleep," as well as that they "have somehow [been] able to read [his] every thought while [he is] conscious by way of a computer which sends a live streaming feed of [his] thoughts." ECF 1 at 2. His complaint and subsequent filings are littered with offensive slurs and other coarse language that the Court will not recount here; but suffice it to say that these allegations similarly do not present a substantial legal question for this Court to resolve. Accordingly, upon sua sponte review, this action is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

                                                JIA M. COBB
                                                U.S. District Court Judge

DATE: February 10, 2026